IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARNOLDO NAVARETTE,

    Petitioner,

vs.                                          Case No. 21-cv-00379 MV/JFR

VINCENT HORTON as Warden of the
Guadalupe County Correctional Facility,
And HECTOR BALDERAS, Attorney
General of the State of New Mexico,

    Respondent.

**ORDER
ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on the Proposed Findings and Recommended Disposition by United States Magistrate Judge John F. Robbenhaar, filed May 25, 2022. Doc. 21. As per Rule 72(b)(2) of the Federal Rules of Civil Procedure, and by extension granted by the Magistrate Judge (*see* Doc. 23), objections were due no later than June 29, 2022. Petitioner filed his objections on that date. Doc. 25. Respondents filed their response on July 1. *See* Doc. 26. This matter is fully briefed and ripe for decision.

The Magistrate Judge's PFRD recommends that the Court deny Petitioner's § 2254 Petition and dismiss the Petition with prejudice. Doc. 21. Judge Robbenhaar determined that the Petition was time-barred by operation of 28 U.S.C. § 2244(d)(1). *Id.* at 6-7. Petitioner objects and raises three principal objections: (1) the Court's dismissal of the Petition on timeliness grounds is not "equitable"; (2) the Court's use of the "substantially similar" standard in its claims exhaustion analysis was contrary to statute and caselaw; and (3) the Court's recommendation against the issuance of a Certificate of Appealability (COA) is inappropriate. The Court has

1

conducted its de novo review of the case, including a thorough review of the evidence of record, and has considered each of Petitioner's objections. *See United States v. Raddatz*, 447 U.S. 667, 674 (1980) (finding that a de novo determination, not a de novo hearing, is required when a party files objections to the magistrate judge's PFRD); *see also In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995) (pursuant to 28 U.S.C. § 636(b), a de novo determination "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation.")  Having conducted its de novo determination, the Court overrules Petitioner's objections as not supported by law.  The Court therefore will adopt the PFRD.

   A. <u>Whether the Magistrate Judge's dismissal of the Petition on timeliness grounds is not "equitable"</u>

In his Objections, Petitioner first argues that he followed the deadline set forth in the form to be used by state prisoners seeking relief from their conviction or sentence.  Doc. 25 at 4.  The form, AO 241, contains a section regarding timeliness and directs applicants to explain, if their conviction became final over a year ago, why the one-year statute of limitations of 28 U.S.C. § 2244(d) does not bar the petition.  In his § 2254 petition, Petitioner provided no answer to this section.  *See* Doc. 1 at 13 ("'TIMELINESS OF PETITION:  If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.'").  In conclusory fashion devoid of any analysis, Petitioner now states:  "Since Mr. Navarette's petition was timely under the provision, there was no reason for him to make equitable tolling arguments at the time of the filing."  Doc. 25 at 4.  But Petitioner fails to explain how his petition was timely or why § 2244(d) does not bar his petition.  Because Petitioner utterly fails to demonstrate the timeliness of his petition, and there being no clear error in the Magistrate Judge's analysis, the Court overrules Petitioner's objection.

Petitioner also states that "Since the statute [28 U.S.C. § 2244(d)] is ambiguous, and both the Supreme Court of the United States and the petitioner have a shared, different understanding of its meaning, its construction should be interpreted in the petitioner's favor." *Id.* at 5. This interpretation, says Petitioner, should afford him the opportunity to present arguments in support of equitable tolling of the limitation period, "if the court deems this necessary." *Id.* Petitioner states that his equitable tolling arguments would include the fact "that the statute of limitations period ran during the COVID-19 pandemic…", *id.* at 4-5, and that the rule of lenity dictates that the statute should be interpreted in Petitioner's favor. *Id.* at 5.

First, Petitioner's argument regarding an alleged ambiguity in § 2244(d) fails to persuade. Section 2244(d) is not ambiguous and very clearly states that a one-year period of limitation shall apply to a habeas corpus application filed by a person in state custody. Specifically, § 2244(d)(1)(A) states:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of the State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

The rule of lenity applies where a statute is facially ambiguous and resort to the legislative history does not reveal congressional intent. *United States v. Wilson*, 10 F.3d 734, 736 (10th Cir. 1993). The rule of lenity is not to be invoked lightly, and is not applicable unless "there is a 'grievous ambiguity or uncertainty in the language and structure of the Act.'" *Chapman v. United States,* 500 U.S. 453, 463 (1991) (quoting *Huddleston v. United States,* 415 U.S. 814, 831 (1974)). Ambiguity is not created simply when the defendant/Petitioner has proffered a possible construction that is narrower than what the Respondent advocates. *Moskal v. United States,* 498 U.S. 103, 108 (1990). The rule's application is limited to cases where, after reviewing all

available relevant materials, the court is still "left with an ambiguous statute." *See Smith v. United States,* 508 U.S. 223, 239 (1993).

Here, Petitioner doesn't argue that the one-year period of review is somehow governed by subsections 2244(d)(1)(B)-(D), and the Court finds that those provisions are inapplicable. Specifically, there is no allegation or evidence of any state-created impediment that prevented Petitioner from seeking federal habeas relief under subsection (d)(1)(B). He does not base his claims on any United States Supreme Court case announcing a newly recognized constitutional right under subsection (d)(1)(C). Nor does Petitioner allege any factual predicates that could not have been discovered earlier under subsection (d)(1)(D). The Magistrate Judge was correct in applying section 2244(d)(1)(A), and he was also correct in calculating its one-year limitation period to Petitioner's case. Petitioner's conviction became final, and the one-year statute of limitations began to run, 90 days after the July 19, 2018 final order from the New Mexico Supreme Court. The Magistrate Judge correctly calculated that the final day for Petitioner to file a federal habeas corpus action was July 16, 2020. *See* Doc. 21 at 7. Accordingly, the Court need not apply the rule of lenity here since there is nothing ambiguous about the operative statute.

Furthermore, the Court is unable find that Petitioner is entitled to equitable relief. As Respondent aptly notes, it cannot be overlooked that Petitioner did nothing to advance his claims (1) between July 19, 2018 (the date the New Mexico Supreme Court affirmed his convictions and sentence), and July 31, 2019 (when he filed his state habeas petition) and (2) between April 28, 2020 (when his motion for rehearing was denied) and April 25, 2021 (when he filed his federal habeas petition). *See* Doc. at 3. And while the pandemic may have affected the normal operations of the judiciary, this Court has difficulty accepting the notion that Petitioner, through counsel, should be excused from the statutory requirement that he file his federal habeas petition

4

in a timely manner. When Petitioner did finally file in federal court, he neglected to fully complete his application and set forth his explanation for filing out-of-time. Doc. 1 at 13. While "§ 2244(d) is subject to equitable tolling in appropriate cases," *see Holland v. Florida*, 560 U.S. 631, 645 (2010), this is not that case. Petitioner's arguments regarding "equity" are simply unavailing and his objections on that basis are overruled.

    B. <u>Whether the Magistrate Judge's use of a "substantially similar" standard in his claims exhaustion analysis was contrary to statute and caselaw</u>

Petitioner next argues that the United States Supreme Court requires that each claim or remedy in a § 2254 petition be exhausted in state court, and that the Magistrate Judge erred when he found that Petitioner had exhausted "substantially similar" claims (as opposed to the "actual" claim itself). Doc. 25 at 5. Petitioner frames the supposedly un-exhausted claim around "the issue of the knowingness of the written waiver of conflict of [interest]…", *id.,* and argues that he should now have the opportunity to present his "unknowing written waiver of conflict of interest" argument to the state courts, since he failed to do so previously. *Id.* Petitioner points to a lack of proficiency in the English language, and trial counsel's misrepresentations, in support of his "knowingness" claim. *Id.* The problem with Petitioner's argument is that he overlooks the record evidence in his case that demonstrates that his "knowingness" was in fact consistently argued through the state proceedings. In fact, the Magistrate Judge cited to five separate examples that demonstrate that Petitioner's "knowingness" of his waiver of trial counsel's conflict of interest was specifically argued in the state courts. *See* Doc. 21 at 11-12.

Based on its de novo determination, the Court finds that Petitioner had ample opportunity to develop—and did develop—his argument about the knowingness of his waiver of the claimed conflict of interest, and he did so during his direct appeal and again during state habeas proceedings. The exhaustion doctrine requires a state prisoner to "fairly present[ ]" his or her

claims to the state courts before a federal court will examine them. *Picard v. Connor,* 404 U.S. 270, 275 (1971); *see also Nichols v. Sullivan,* 867 F.2d 1250, 1252 (10th Cir. 1989) (discussing fair presentation requirement). "Fair presentation" of a prisoner's claim to the state courts means that the substance of the claim must be raised there. The prisoner's allegations and supporting evidence must offer the state courts "a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (citing *Picard,* 404 U.S. at 276–77). Because Petitioner's present claim does not differ in any material respect, this Court finds that the Magistrate Judge properly found that Petitioner had exhausted this claim in the state courts. The Magistrate Judge did not clearly err in finding that Petitioner exhausted in state court his claim surrounding the knowingness of his waiver of his trial attorney's conflict of interest, and Petitioner's objection to the contrary is overruled.

C. <u>Whether the Magistrate Judge's recommendation against the issuance of a Certificate of Appealability (COA) is inappropriate</u>

Finally, Petitioner argues that the Magistrate Judge erred by recommending against the issuance of a COA. Doc. 25 at 6. Petitioner submits that "appealability is a different standard" from a merits determination, and based on the arguments of the parties, a COA is appropriate here. *Id.*

A COA is available "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(A)(2). Petitioner sets forth the appropriate standard by citing to *Buck v. Davis*, 137 S. Ct. 759 (2017), which states that the "only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Id.* at 773 (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *also see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (petitioner

"must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.")).

The Court is not persuaded that jurists of reason could conclude that Petitioner has suffered a denial of a constitutional right. Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts controls. That Rule directs a district court to issue or deny a COA, and points to 28 U.S.C. § 2253(c)(2). Furthermore, this Court's consideration of Petitioner's request for a COA must account for the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which requires "deferential treatment of state court decisions." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). When a state court has adjudicated the merits of a claim, a federal district court cannot grant habeas relief on that claim unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(2).

The Court agrees with the Magistrate Judge and finds that Petitioner has failed to demonstrate that reasonable jurists would find the Court's assessment of his constitutional claim debatable or wrong. Doc. 21 at 14, *citing Slack,* 529 U.S. at 484. This Court is unable to conclude that the state court's decision—that Petitioner's trial counsel was not ineffective and did not operate under an irreconcilable conflict of interest—was contrary to clearly established federal law or was otherwise an unreasonable determination of the facts of this case. As such, the Court finds it was not error for the Magistrate Judge to recommend against the issuance of a COA.

7

D. Petitioner's non-specific "Catch-All" objection

Finally, in a single sentence, Petitioner "objects to any further recommendations not explicitly mentioned in this filing." Doc. 25 at 6. Petitioner fails to identify what those "further recommendations" are, and what objections he might have to them. Respondents state that it is inappropriate for Petitioner to bootstrap his way into future objections not expressly raised. Doc. 26 at 5. The Court agrees. Petitioner is required to make timely and specific objections to the Magistrate Judge's findings and recommendations, and failure to do so results in a firm waiver of those arguments. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("One Parcel"). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." *One Parcel*, 73 F.3d at 1060. Based on the firm waiver rule, Petitioner has waived any argument that he failed to present in his objections.

**IT IS THEREFORE ORDERED** that Petitioner's objections are overruled and the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 21) are adopted.

_____
Martha Vázquez
**Senior United States District Judge**